**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

SEP 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER MCINTYRE, | No. 15-35234 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00149-RRB |
| v. | MEMORANDUM[*] |
| BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, JOHN DOES 1-20, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Senior District Judge, Presiding

Submitted September 11, 2017[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2). Therefore, McIntyre's motions for oral arguments are denied. McIntyre's Motion For Judicial Notice is granted.

Before: KOZINSKI and FRIEDLAND, Circuit Judges, and BENNETT,[***] District Judge.

1. We review de novo the Rule 12(b)(6) dismissal of McIntyre's claims that he gave BP the idea that BP used to cap the blowout of an undersea oil well. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc).

McIntyre's quasi-contract and unjust enrichment claims are insufficiently pleaded. There was no plausible factual basis for his allegation that he conferred an actual benefit on BP. *See Reeves v. Alyeska Pipeline Serv. Co.*, 926 P.2d 1130, 1143 (Alaska 1996) (per curiam) (*Reeves I*). His ideas were not sufficiently developed or concrete to be ready for immediate use. *Id.* Indeed, McIntyre concedes that BP extensively modified or completely changed any ideas he may have provided.

McIntyre's claims of use of confidential information fail to allege any plausible factual basis to believe that he disclosed any ideas in confidence, *see Reeves v. Alyeska Pipeline Serv. Co.*, 56 P.3d 660, 666 (Alaska 2002) (citing *Reeves I*, 926 P.2d at 1137), let alone in the course of a fiduciary relationship, *see Munn v. Thornton*, 956 P.2d 1213, 1220 (Alaska 1998). He also pleads no plausible factual basis for his claim that he took reasonable steps to maintain the

---

[***] The Honorable Mark W. Bennett, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

secrecy of his ideas.  ALASKA STAT. § 45.50.940.  McIntyre has cited no authority to support his contention that disclosure of ideas to address a "national emergency" imposes confidentiality requirements or relieves him of the obligation to take reasonable steps to maintain the secrecy of his ideas, and we know of none.

McIntyre's fraud claims also fail.  McIntyre did not plausibly allege how BP induced him to rely on representations by BP.  There is no plausible factual basis for his contention on appeal that BP induced him to believe that his ideas were not patentable, thus causing him to delay or forgo seeking a patent.  *Shehata v. Salvation Army*, 225 P.3d 1106, 1114 (Alaska 2010) (common law fraud requires inducement of justifiable reliance).

Because McIntyre does not challenge dismissal of his other claims, we do not address them.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**2.**     The district court did not abuse its discretion by concluding that there were defects in McIntyre's complaint that could not be cured by amendment.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008). We have no more reason than the district court did to believe that a third amended complaint would fix the glaring weaknesses in his position.  He has not pleaded any plausible factual basis for his additional claim for negligent misrepresentation/

3

misrepresentation by omission. *Arctic Tug & Barge, Inc. v. Raleigh, Schwarz & Powell*, 956 P.2d 1199, 1202 (Alaska 1998).

**AFFIRMED.**